UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL JAMAL CAMPBELL, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-CV-00829 |
| v. | (MEHALCHICK, M.J.) |
| DETECTIVE COREY MICHAEL CONDRAD, et al., | |
| Defendants. | |

**MEMORANDUM**

Before the Court is a motion to dismiss Campbell's amended complaint filed by Defendants Lackawanna County Detectives Corey Michael Condrad, John Munley, Harold Zech, Thomas Davis, Vince Butkiewicz, and Steve Kelly (collectively, "Defendants"), on September 22, 2022. (Doc. 17). This is a *pro se* civil rights action arising under 42 U.S.C. § 1983, initiated upon the filing of the original complaint in this matter by prisoner-Plaintiff Michael Jamal Campbell ("Campbell") on May 26, 2022, against Defendants. (Doc. 1, at 1-2, 4). On September 2, 2022, Campbell filed an amended complaint with leave of court. (Doc. 16). In his amended complaint, Campbell asserts claims against Defendants Condrad and Munley for excessive force, malicious prosecution, false arrest, false imprisonment, fabrication of evidence, deliberate indifference to the need for medical treatment in violation of the Fourteenth Amendment, as well as claims for civil conspiracy and intentional infliction of emotional distress ("IIED"). (Doc. 16, at 1-6). Campbell also brings failure to intervene claims under § 1983 against Defendants Zech, Davis, Butkiewicz, and Kelly. (Doc. 16, at 4). On August 22, 2022, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 14).

For the following reasons, Defendants' motion to dismiss will be GRANTED in part and DENIED in part.

I. **BACKGROUND AND PROCEDURAL HISTORY**

In his amended complaint (Doc. 16), Campbell alleges the following:

On [November 4, 2021,] Defendant crashed into the car I was operating then while my hands w[ere] in the air surrendering he ripped the door opened and punched me in the face then him and Munley (2) defendant together used more physical force on me until I was in handcuffs on the ground then I was dragged to the back of the car and Munley (2) defendant helped place me in between the vehicles and acted as if he was just walking by and kicked me in my face while still in handcuffs. Then after denied me medical attention and denied me my medication which was in the car along with den[y]ing me water that was in the car unopened. The falsified and manipulated an Affidavit of probable cause in the[ir] investigation to the[ir] benefit so they would not get in trouble for what they did and w[ere] able to change me and get me sent to jail with an excessive bail of 500,000 against me [Eighth] Amendment. On [December 2, 2021,] a preliminary hearing was held where transcripts w[ere] recorded Condrad again stated I crashed into him and said that what they w[ere] charging me with from the looks of it they w[ere] not comfortable saying it was suspected drugs and still charged me and admitted to using physical force, admitted to no drugs even ever being discussed, and admitted that the[ir] cars w[ere] unmarked and only have light bars so there was not even a way for me to really even be aware he was in fact a detective.

(Doc. 16, at 5). Campbell also claims that Defendants Condrad and Munley knowingly provided false and fabricated evidence to maliciously prosecute Campbell. (Doc. 16, at 3-4). Campbell further claims that Defendants Zech, Davis, Butkiewicz, and Kelly failed to intervene while Officers Condrad and Munley used excessive force on Campbell. (Doc. 1, at 4). For relief, Campbell seeks monetary damages totaling more than $2 million and requests that Defendants be terminated from employment and criminally charged. (Doc. 16, at 3).

Defendants filed the motion to dismiss along with a brief in support on September 27, 2022. (Doc. 17; Doc. 18). Campbell filed a brief in opposition on October 3, 2022, as well as

a supplement to his brief in opposition on October 7, 2022. (Doc. 19; Doc. 20). On January 20, 2023, Defendants filed a motion to supplement their motion to dismiss with corresponding exhibits, which the Court granted on January 23, 2023. (Doc. 22; Doc. 23). On February 1, 2023, Defendants filed a supplement to their motion to dismiss for failure to state a claim and corresponding exhibits.[1] (Doc. 24; Doc. 24-1). On May 1, 2023, Campbell filed a "motion to admit the transcript of proceedings of guilty plea via Zoom video conference for criminal case No. 21 CR 2249[,] the case pertaining to this civil matter."[2] (Doc. 31).

The motion to dismiss has been fully briefed and is now ripe for disposition. (Doc. 17; Doc. 18; Doc. 19; Doc. 24; Doc. 30; Doc. 32).

## II. LEGAL STANDARDS

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken

---

[1] On March 6, 2023, Campbell filed a motion for an extension of time to file a brief in opposition to Defendants' supplemental motion to dismiss. (Doc. 26). On April 27, 2023, Campbell filed a brief in opposition to Defendants' motion to supplement its brief in opposition. (Doc. 30). On May 30, 223, Campbell filed an additional brief in opposition to Defendants' motion to dismiss. (Doc. 32). Accordingly, Campbell's motion for an extension of time to file a brief in opposition to Defendants' supplemental motion to dismiss is **DENIED** as **MOOT**. (Doc. 26).

[2] In the motion to admit the transcript of his guilty plea, Campbell requests that the Court admit the full transcripts from the preliminary hearing. (Doc. 31, at 1-2). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is limited to determining whether a plaintiff has pleaded a claim upon which relief can be granted, and in making that determination the Court does not consider documents, such as documentary exhibits, outside the operative complaint. Accordingly, Campbell's motion is **DENIED**.

3

as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in

4

the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d 336 at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers"

5

and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)

Campbell assert federal civil rights claims pursuant to 42 U.S.C. § 1983, which provides a private cause of action for violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

### III.   DISCUSSION

Defendants move to dismiss Campbell's amended complaint pursuant to Federal Rule of Civil Procedure 8(a)(2), arguing that the amended complaint is "entirely unclear" and does not comply with the pleading requirements of Federal Rules Civil Procedure 8 and 10. (Doc.

6

18, at 3). In addition, Defendants move to dismiss Campbell's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Campbell's claims against Defendants are barred by the *Heck v. Humphrey* doctrine. (Doc. 24, at 3). In opposition, Campbell argues that his amended complaint does comply with the requirement of Fed. R. Civ. P. 8(a)(2) in that his complaint contains a short and plain statement for relief and sets forth his claims in separate accounts, separately naming the Defendants and describing which constitutional rights were violated by each Defendant. (Doc. 19, at 3-5). Further, Campbell submits that the motion to dismiss should be denied "so the federal court can decide what should happen for the[se] detectives of the law abusing the[ir] power." (Doc. 30; Doc. 31).

At the onset, the Court notes that Campbell appears to fundamentally misunderstand the nature and limits of a motion to dismiss. His brief in opposition to Defendants' motion includes factual assertions that are not contained in his complaint. (Doc. 16; Doc. 19; Doc. 30; Doc. 31). Further, he submitted documents as exhibits to his brief that are not otherwise in the record. (Doc. 30-1). As set forth above, a Rule 12(b)(6) motion is limited to determining whether Campbell has pleaded a claim upon which relief can be granted, and in making that determination the Court does not consider documents, such as documentary exhibits, outside the operative complaint. The Court will not consider the exhibits Campbell attaches to his opposition brief. Similarly, "[a]lthough a court on a motion to dismiss ordinarily 'must accept the allegations in the complaint as true,' it is not compelled to accept assertions in a brief without support in the pleadings." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 232 (3d Cir. 2015) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). "After all, a brief is not a pleading." *Chavarriaga*, 806 F.3d at 232. The Court does not accept the factual

7

assertions in Tigue's briefs that do not appear in his complaint. (Doc. 16; Doc. 19; Doc. 30; Doc. 31).

> A. THE AMENDED COMPLAINT DOES NOT COMPLY WITH THE PLEADINGS REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Campbell's amended complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson*, 551 U.S. at 94). "[A] court must make reasonable allowances to protect *pro se* litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett*, 938 F.3d at 92. Thus, "[c]ourts are more forgiving of *pro se* litigants for filing relatively unorganized or somewhat lengthy complaints." *Garrett*, 938 F.3d at 92.

Liberally construing Campbell's amended complaint, the Court concludes that it fails to comply with Fed. R. Civ. P. 8, which requires, among other things, that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). Rather than containing simple, concise, and direct allegations, the amended complaint provides a confusing factual narrative with numerous, unclear legal allegations. (Doc. 16). The failure to comply with the above requirements as to form has also led to substantive defects. Fed. R. Civ. P. 10(b). After reviewing the amended complaint, it remains unclear what facts Campbell alleges amounts to the various alleged violations contained within the amended complaint.

Accordingly, Campbell's amended complaint is DISMISSED without prejudice.

B. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Although the amended complaint does not comply with the pleading requirements set forth in Rule 8(a)(2) or Rule 10(b), the Court cannot say that amendment would be inequitable or futile in this case. Thus, the Court will grant Campbell leave to file a final, unified, legible second amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Defendants.

Campbell is advised that the second amended complaint must be a pleading that **stands by itself without reference to the original or amended complaints**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The second amended complaint must also establish the existence of specific actions taken by the Defendants which have resulted in identifiable constitutional violations, to the extent Campbell intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Campbell is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The second amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file a second amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

IV. CONCLUSION

Based on the foregoing, Defendants' motions to dismiss is **GRANTED**. (Doc. 17). In

addition, Campbell's motion for an extension of time and motion to admit transcript of guilty plea are **DENIED**. (Doc. 29; Doc. 31).

An appropriate Order follows.

                                                **BY THE COURT:**

**Dated: August 29, 2023**                      *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **Chief United States Magistrate Judge**