# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL JAMAL CAMPBELL,

                Plaintiff,

       v.

DETECTIVE COREY MICHAEL
CONDRAD, et al.,

                Defendants.

CIVIL ACTION NO. 3:22-CV-00829

(MEHALCHICK, M.J.)

## MEMORANDUM

This is a *pro se* civil rights action, initiated upon the filing of the original complaint in this matter by prisoner-Plaintiff Michael Jamal Campbell ("Campbell") on May 26, 2022, asserting claims against Defendants Lackawanna County Detectives Corey Michael Condrad, John Munley, Harold Zech, Thomas Davis, Vince Butkiewicz, and Steve Kelly. (Doc. 1). On August 22, 2022, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 14). For the reasons provided herein, Campbell's amended complaint will be **DISMISSED** and the Clerk of Court will be directed to **CLOSE** this case. (Doc. 16).

## I.    BACKGROUND AND PROCEDURAL HISTORY

On May 26, 2022, Campbell filed the instant action against Defendants. (Doc. 1). On June 21, 2022, Campbell filed a motion for leave to proceed *in forma* pauperis, which the Court granted on July 22, 2022. (Doc. 7). On September 2, 2022, Campbell filed an amended complaint with leave of court. (Doc. 16). In his amended complaint, Campbell alleged claims against Defendants Condrad and Munley for excessive force, malicious prosecution, false arrest, false imprisonment, fabrication of evidence, deliberate indifference to the need for

medical treatment in violation of the Fourteenth Amendment, as well as claims for civil conspiracy and intentional infliction of emotional distress ("IIED"). (Doc. 16, at 1-6). Campbell also brought a failure to intervene claim under § 1983 against Defendants Zech, Davis, Butkiewicz, and Kelly. (Doc. 16, at 4). For relief, Campbell sought monetary damages totaling more than $2 million and requested that Defendants be terminated from employment and criminally charged. (Doc. 16, at 3).

On September 27, 2022, Defendants moved to dismiss the complaint. (Doc. 17). On August 29, 2023, the Court granted Defendants' motion to dismiss and granted Campbell leave to file a second amended complaint within thirty (30) days, or on or before Thursday, September 28, 2023. (Doc. 33; Doc. 34). On October 23, 2023, the Court directed Campbell to file his amended complaint on or before Monday, November 6, 2023. (Doc. 35). On December 7, 2023, Campbell requested an extension of time to file an amended complaint, which the Court granted on December 7, 2023. (Doc. 37; Doc. 38). The Court ordered Campbell to file an amended complaint on or before January 8, 2023. (Doc. 38). As of the date of this recommendation, Campbell has not filed an amended complaint or otherwise communicated with the Court in any manner since December 4, 2023. (Doc. 37).

## II.  DISCUSSION

By failing to file an amended complaint respond to the Court's Orders, it appears that Campbell has abandoned this action. Campbell's failure to file an amended complaint renders any future adjudication of his claims impossible. *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (upholding the dismissal of a *pro se* plaintiff's complaint with prejudice for failure to amend his complaint). Thus, the Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

A. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see also Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." *Mindek*, 964 F.2d at 1373. No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead,

3

the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt*, 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the Court finds that a careful assessment of the *Poulis* factors in the case at bar weighs heavily in favor of dismissing this action.

B. ANALYSIS OF *POULIS* FACTORS

**1.    Plaintiff's Personal Responsibility**

Looking to the *Poulis* factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to Campbell. Because Campbell is a *pro se* litigant, he is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); *see also Emerson*, 296 F.3d at 191; *Winston v. Lindsey*, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims"). Campbell has failed to abide by the Court's Orders and neglected to litigate this case. On August 29, 2023, Campbell was first granted an opportunity to file an amended complaint. (Doc. 33; Doc. 34). On October 23, 2023, the Court granted Campbell a second opportunity to file an amended complaint. (Doc. 35). Campbell was specifically warned that his failure to respond to the Order may result in the dismissal of this action. (Doc. 34; Doc. 35). On December 7, 2023, Campbell was again granted an opportunity to file an

4

amended complaint. (Doc. 38). As of the date of this Memorandum, Campbell has failed to comply with either directive. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### 2.      Prejudice to the Moving Party

As for the second *Poulis* factor, a finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that Campbell's failure to litigate this case or comply with the Court's Orders now wholly frustrates and delays resolution of this action. Going forward, such failure to litigate would prejudice Defendants, who without timely responses by Campbell could not seek a timely resolution of the case. *See Azubuko v. Bell National Organization,* 243 F. App'x 728 (3d Cir.2007) (failure to file amended complaint prejudices defense and compels dismissal). Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### 3.      History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Emerson*, 296 F.3d at 191 (per curium) (finding a history of dilatory conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams,*

29 F.3d at 875. Here, the Court has afforded Campbell more than one opportunity to file a proper amended complaint in compliance with the Federal Rules of Civil Procedure, and he has failed to do so. Further, Campbell has not communicated with the Court since he filed a request for an extension of time to amend his complaint. (Doc. 37). Accordingly, Campbell's actions demonstrate a history of dilatoriness that weighs in favor of dismissal.

### 4.       Willful Conduct or Bad Faith

The fourth *Poulis* factor requires the Court to consider whether Campbell's conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). At this point in the case, Campbell has failed to comply with the Court's instructions directing him to take specific actions in this case and advising him how to do so. The Court is thus compelled to conclude that his actions are not accidental or inadvertent, but rather reflect an intentional disregard for the Court's directives and this case. *See Gilyard v. Dauphin Cty. Work Release*, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). Thus, the fourth *Poulis* factor weighs in favor of dismissal.

### 5.       Availability of Alternative Sanctions

The fifth *Poulis* factor examines the effectiveness of sanctions other than dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Shehadeh], is proceeding *pro se*." *See Lopez,* 435 F. App' x at 116; *Emerson*, 296 F.3d at 191 (per curium); *Nowland v. Lucas,* No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant

severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Under the instant circumstances where the Court is faced with the complete lack of cooperation on the part of the individual who brought the action, the only appropriate sanction is dismissal. Otherwise, the case would linger indefinitely on the Court's docket. The instant case presents a scenario where Campbell's *pro se* status greatly limits the Court's ability to utilize other lesser sanctions to ensure that this action progresses in an orderly fashion. Thus far, the Court has issued orders advising Campbell on his obligations in this case, but to no avail. He still declines to follow the Orders. Since lesser sanctions have been attempted and have been unsuccessful, only the sanction of dismissal remains available to the Court. *See Stanley v. United States*, No. 1:CV-12-0123, 2014 WL 4546530, at *4 (M.D. Pa. Sept. 12, 2014). Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

### 6.    Meritoriousness of Plaintiff's Claims

The final *Poulis* factor enjoins the Court to consider the meritoriousness of Campbell's claims. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." *Poulis*, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869-70). Here, in granting Defendants' Rule 12(b)(6) motion to dismiss, the Court concluded that Campbell's complaint as stated failed to state a claim upon which relief may be granted. (Doc. 33, at 8). At this time, the Court is unable to determine the meritoriousness of Campbell's claims because he has not filed a second amended complaint as directed. Nevertheless, assuming for the sake of argument that

7

Campbell's claims have merit, consideration of this factor cannot save his case because he is now wholly noncompliant with his obligations as a litigation. *See Silbermonn v. Veterans Admin. Med. Ctr.*, No. 1:20-CV-00393, 2021 WL 1705228, at *3 (M.D. Pa. Mar. 24, 2021), *report and recommendation adopted*, 2021 WL 1700351 (M.D. Pa. Apr. 29, 2021) (dismissing complaint for failure to prosecute where plaintiff failed to pay the required filing fee or respond to the Court's order to show case).

C.  <u>BALANCING OF POULIS FACTORS</u>

To reiterate, when weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. *Briscoe*, 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's warning that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222; *Mindek,* 964 F.2d at 1373. Here, on balance, the *Poulis* factors weigh heavily in favor of dismissal of this action for lack of prosecution.

In this situation, where a *pro se* plaintiff fails to timely file a proper amended complaint, it is well within the Court's discretion to dismiss the complaint with prejudice given the plaintiff's failure to comply with Court directives. The Third Circuit Court of Appeals observed that:

> The District Court . . . allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. *See In re Westinghouse Securities Litigation*, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." *Id.* (quoting *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994)).

*Pruden*, 252 F. App'x at 438.

For these reasons, Campbell's amended complaint will be dismissed for failure to prosecute without further leave to amend. *See Stanley*, 2014 WL 4546530, at *5.

**III.   CONCLUSION**

Based on the foregoing, Campbell's amended complaint (Doc. 16) is **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and the Clerk of Court is directed to **CLOSE** this case. An appropriate Order follows.


                                          **BY THE COURT:**

**Dated: February 2, 2024**              *s/ Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **Chief United States Magistrate Judge**


9